UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-698 JVS(KESx) | Date | Sept. 11, 2020 |
| Title | Parity Networks, LLC v. Moxa Inc. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss and Motion to Strike**

Defendant Moxa Americas, Inc. ("Moxa Americas") filed a motion to dismiss the First Amended Complaint ("FAC") of plaintiff Parity Networks, LLC ("Parity") under Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the FAC under Federal Rule of Civil Procedure 12(f). Mot., ECF No. 37. Parity filed a brief in opposition to the motion. Opp'n, ECF No. 38. Moxa Americas filed a response. Reply, ECF No. 40.

For the following reasons, the Court:

- **GRANTS IN PART AND DENIES IN PART** Moxa Americas' motion to dismiss, and
- **GRANTS** Moxa Americas' motion to strike.

## I. BACKGROUND

Moxa Inc. is a Taiwanese corporation that sells high-performance ethernet switches. FAC, ECF No. 35, ¶ 23. Moxa Americas is a wholly-owned subsidiary of Moxa Inc., headquartered in Brea, California. Mot. at 3; FAC at ¶ 19.

Prior to this litigation, Parity's counsel Douglas L. Bridges sent two letters (the "Bridges Letters") to Moxa Americas. Id. at 33. In the first letter, sent on October 5, 2016, Bridges wrote that Parity was "beginning to explore the licensing and potential sale of its extensive patent portfolio," which included sixty-five U.S. patents and "dozens of foreign counterparts around the world." October Letter, ECF No. 35-1. Bridges stated

that Parity hoped to open a dialogue about licensing the patents and provided a URL link to a zip file of the patents in Parity's portfolio. Id.

In a second letter, sent on November 28, 2016, Bridges noted that Parity had previously initiated patent infringement litigation against other parties, but "wishe[d] to license (or sell) its portfolio without litigation to avoid the arduous and expensive task of completing infringement analyses on such an extensive portfolio - as is required to initiate litigation." November Letter, ECF No. 35-2. The letter did not specifically call out any of the patents in Parity's portfolio and stated that Parity had "not completed an analysis of [Moxa Americas'] technology as it relates to the Parity patents." Id. Moxa Americas answered neither letter. FAC ¶ 36.

On April 24, 2020, Parity served Moxa Americas's original complaint in this case. Compl., ECF No. 1. On July 20, Parity filed the FAC at issue in this motion to dismiss. The complaint and FAC allege that Moxa Inc. and Moxa Americas have been and are presently infringing on two of Parity's patents: Patent No. 6,870,844 (the "'844 Patent") entitled "Apparatus and Methods for Efficient Multicasting of Data Packets," and Patent No. 7,103,046 (the "'046 Patent") , entitled "Method and Apparatus for Intelligent Sorting and Process Determination of Data Packets Destined to a Central Processing Unit of a Router or Server on a Data Packet Network" (collectively – the "Asserted Patents"). FAC ¶ 13.

The FAC raises claims for direct infringement, inducement of infringement, and contributory infringement of each of the Asserted Patents under 35 U.S.C. § 271. Id. at ¶¶ 38-50. Parity argues that Moxa Americas and Moxa Inc. "make, sell, offer for sale, import and otherwise infringe" on the Asserted Patents through a variety of exemplary accused products. Id. at ¶¶ 18, 24. Parity also seeks enhanced damages for willful infringement under 35 U.S.C. § 284. Id. at ¶¶ 52-57.

## II. LEGAL STANDARD

### *A. Motion to Dismiss*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

*B. Motion to Strike*

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F.

Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)).

## III. DISCUSSION

Moxa Americas seeks to dismiss Parity's complaint for (1) using group pleading as to Moxa Americas and Moxa Inc. in a way that fails to put each company on notice; (2) providing insufficient factual allegations to support a claim of direct infringement; (3) failing to sufficiently allege Moxa Americas' knowledge of the Asserted Patents necessary for inducement of infringement or contributory infringement; and (4) not alleging sufficient facts to sustain a claim of contributory infringement. Mot. at 7-14. Moxa Americas also seeks to strike Parity's claim for enhanced damages because of willful infringement. Id. at 14-16. The Court addresses these arguments in turn.

### *A. Group Pleading*

Moxa Americas first argues that Parity has not alleged what conduct is attributable to Moxa Americas as opposed to Moxa Inc., thereby failing to put each company on notice."'Courts in this circuit have held that a complaint fails to state a claim and must be dismissed if it does not indicate which individual defendant or defendants are responsible for which alleged wrongful act.'" Polsky v. Rammani, 2018 WL 6133406, at *4 (C.D. Cal. Mar. 26, 2018) (citing Ahmadi v. Nationstar Mortgage, LLC, 2016 WL 7495826 (C.D. Cal. Mar. 31, 2016)). This is because "the underlying requirement [of Federal Rule of Civil Procedure 8] is that a pleading give fair notice of the claim being asserted and the grounds upon which it rests." In re Sagent Technology, Inc., Derivative Litigation, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)). Thus, "a complaint that repeatedly refers to defendants collectively, without differentiation, is more likely to run afoul of the plausibility standard of Iqbal and Twombly." Slack v. International Union of Operating Engineers, 2014 WL 4090383 at *16 (N.D. Cal. Aug. 19, 2014) (citing In re American Apparel, Inc. Shareholder Derivative Litigation, 2012 WL 9506072 at *41 (C.D. Cal. July 31, 2012)). But group pleading may be permissible "so long as group pleading is limited to defendants who are similarly situated." Bassam v. Bank of America, 2015 WL 4127745 at *7 (C.D. Cal. July 8, 2015) (citing In re American Apparel, 2012 WL 9506072 at *41).

The Court finds that Parity Networks did sufficiently allege that Moxa Americas and Moxa Inc. are similarly situated and group pleading is therefore permissible in this case. The case most directly on point that the parties raise is PLS-Pacific Laser Systems v. TLZ Inc., 2007 WL 2022020 (N.D. Cal. July 9, 2007). Moxa Americas attempts to argue that this case justifies dismissal because in that case and here the relevant plaintiff "failed to differentiate between corporate defendants and thus did not provide 'each named defendant sufficient notice of the particular claims and grounds for the claims against them.'" Mot. at 8.

But Parity has made allegations that delineate different roles for Moxa Americas and Moxa Inc. in the infringement. For example, Parity alleges that "Moxa Americas Inc. operates as a sales arm of Moxa Inc. within the United States, using selling, offering for sale and practicing patented methods of the Patents-in-Suit." FAC at ¶ 20. This allegation, although admittedly not the most precise, puts Moxa Americas on notice that Parity alleges that Moxa Americas is responsible for selling products that infringe on Parity's patents. To the extent that Parity alleges that Moxa Americas and Moxa Inc. worked together and thereby jointly infringed on Parity's patents, such as by "coordinat[ing] . . . the importation of the Exemplary Accused Products into the United States, either directly or through one or more intermediaries," id., Parity is alleging that Moxa Americas and Moxa Inc. are indeed similarly situated. The Court declines to dismiss Parity's complaint on this ground.

*B. Direct Infringement*

Moxa Americas next argues that Parity's FAC should be dismissed for failing to "provide sufficient factual allegations that the accused products practice each of the limitations found in at least one asserted claim." Mot. at 8 (citing Intellectual Pixels Ltd. v. Sony Interactive Entertainment, LLC, 2019 WL 8643874 (C.D. Cal. Dec. 18, 2019)). Parity responds by citing Disc Disease Solutions Inc. v. VGH Solutions, Inc., 833 F.3d 1256 (Fed. Cir. 2018), arguing that a plaintiff merely must identify "the accused product by name and [allege that] the accused product infringes at least one claim of the asserted patent." Opp'n at 6. It is important to note that in Disc Disease Solutions, the Federal Circuit relied on how the plaintiff in that case "alleged that the accused products meet each and every element of at least one claim of the [patents at issue], either literally or equivalently." Id. at 1260.

Although Parity does not provide a chart that lays out which components of Moxa Americas' products correspond to which elements of the patents' claims, the Court finds that Parity did provide sufficient detail to put Moxa Americas on notice of how it is alleged to have infringed on Parity's patents. Parity includes in the FAC a diagram from the EDS-828 user manual that corresponds to the elements of Claim 1 of the '844 Patent. FAC ¶ 26; see '844 Patent, Col. 11, Lines 30-45. Parity further describes a quality of service classification system used on Moxa Americas' networking switches that corresponds to Claim 1 of the '046 Patent. FAC ¶¶ 27-29; see '046 Patent, Col. 8, Lines 10-29. Moxa Americas fails to point out any specific elements of the Asserted Patents that are not represented in the allegations noted above. The Court thus finds these allegations to be sufficient to support a claim of direct infringement.

*C. Induced Infringement*

35 U.S.C. § 271(b) provides patentees with a cause of action against anyone who "actively induces infringement of a patent." A claim for induced infringement requires that a patentee allege facts to show that "(1) a third party directly infringed the asserted claims of the [patents-in-suit]; (2) [the defendant] induced those infringing acts; and (3) [the defendant] knew the acts it induced constituted infringement." Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 843 F.3d 1315, 1332 (Fed. Cir. 2016). What is most relevant in this case is the third prong of this test.

Moxa Americas first argues that the Bridges Letters are inadequate to support the allegation that Moxa Americas had pre-suit knowledge of the Asserted Patents. Mot. at 11-13. Courts, including this one, have found allegations of inducement of patent infringement to be insufficient where "pre-suit notice fails to tie allegedly infringing features or designs to particular patents." Polaris PowerLED Technologies, LLC v. Vizio, Inc., 2019 WL 3220016 at *3 (C.D. Cal. May 7, 2019) (collecting cases). Moxa Americas notes that the Bridges letters neither specified the Asserted Patents, nor alleged infringement. Id. at 12.

Parity responds by pointing out two cases in which letters that it argues are similar were found sufficient to allege pre-suit knowledge. Opp'n at 10-12. But those cases are easily distinguished. Here, the Bridges Letters did not explicitly mention the Asserted Patents, as was done in DRG-International, Inc. v. Bachem Americas, Inc., 2016 WL 3460791 at *4 (C.D. Cal. Jan. 5, 2016). Nor did the Bridges Letters receive a response, as

was the case in Parity Networks, LLC v. Cisco Systems, Inc., 2019 WL 3940952 at *3 (July 26, 2019). Thus, the Bridges Letters, which received no response from Moxa Americas and merely made reference to a set of sixty-five patents without specific allegations of infringement, are insufficient to provide factual allegations of pre-suit knowledge of the Asserted Patents. Without further detail, the Bridges Letters failed to provide Moxa Americas with adequate notice that their products were infringing Parity's patents, much less sufficient information for Moxa Americas to investigate such an allegation.

Parity presents two arguments as fallback positions. First, Parity argues that it has alleged sufficient circumstantial evidence to demonstrate Moxa Americas' specific intent to induce infringement of the Asserted Patents. Opp'n at 12-13. See FAC ¶ 49. But the Court finds that Parity's allegations amount to conclusory allegations that Moxa Americas intended to induce infringement. These allegations are insufficient to allege knowledge of the Asserted Patents.

Second, Parity argues that the filing of the original complaint in this case should serve as sufficient notice to trigger a claim of inducement of patent infringement. Opp'n at 12. There is a split among courts as to whether a complaint is sufficient notice to allege knowledge of asserted patents in a patent case. See MyMedicalRecords, Inc. v. Jardogs, LLC, 1 F. Supp. 3d 1020, 1024 (C.D. Cal. 2014) (collecting cases). Some courts argue that a complaint should not be sufficient to serve as notice because that does not serve the purpose of encouraging non-judicial resolution of patent disputes before litigation. See, e.g., Proxyconn, Inc. v. Microsoft Corp., 2012 WL 1835680 at *5 (C.D. Cal. May 16, 2012). Meanwhile, other courts hold the belief that "[a] defendant should not be able to escape liability for postfiling infringement when the complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit." MyMedicalRecords, Inc. v. Jardogs, LLC, 1 F. Supp. 3d 1020, 1025 (C.D. Cal. 2014).

After considering both arguments, the Court concurs with Jardogs and believes that service of a complaint can provide sufficient notice to allege knowledge of the Alleged Patents. After receipt of a complaint, Moxa Americas certainly would have had knowledge of alleged infringement of the Asserted Patents in this case. While a complaint cannot be used to show knowledge of the patents sufficient to sustain a claim of induced infringement prior to receipt of the complaint, it provides notice to a defendant of possible patent infringement that can be alleged in a subsequent FAC.

Depending on the facts adduced at trial, the Court will instruct accordingly.

Although Moxa Americas argues that it is "only being sued for conduct in which it allegedly engaged before suit was filed," the wording of the FAC makes clear that the allegations extend to ongoing conduct. See, e.g., FAC ¶ 49 ("On information and belief, at least since the filing of the Original Complaint, Defendant Moxa, without authorization or license from Parity Networks, has been and is presently indirectly infringing at least claim 1 of the '046 Patent, including actively inducing infringement of the '046 Patent under 35 U.S.C. § 271(b)."). Insofar as Moxa Americas has had knowledge of the Asserted Patents since it was first served a copy of the complaint on April 24, 2020, the Court finds that Parity has alleged Moxa Americas to have had sufficient knowledge to sustain a claim of induced infringement since that date. Proof of Service, ECF No. 23.

*D. Contributory Infringement*

To allege contributory infringement, "a patentee must allege that an entity sells or offers to sell a component of a patented machine 'constituting a material part of the invention' [and] 'plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing use.'" Voice Int'l, Inc. v. Oppenheimer Cine Rentals, LLC, 2018 WL 3830030 at *10 (citing 35 U.S.C. § 271(c) and In re Bill of Lading Transmission & Processing System Patent Litigation, 681 F.3d 1323, 1337 (Fed. Cir. 2012)).

Moxa Americas argues that Parity has not alleged sufficient facts showing that Moxa Americas knowingly offered or sold a "component." Mot. at 13-14. Although Parity argues that it is not inconsistent to argue in the alternative that Moxa Americas both engaged in direct infringement and contributory infringement, Parity does not respond directly to Moxa Americas' argument and show how it has alleged sufficient facts to state a claim for contributory infringement. Opp'n at 14. The Court therefore **DISMISSES** Parity's contributory infringement claims.

*E. Enhanced Damages*

Finally, Moxa Americas argues that the FAC fails to allege egregious conduct that is insufficient to claim enhanced damages for willful infringement. Mot. at 14-16. Under Halo Electronics, Inc. v. Pulse Electronics, Inc., the court is given discretion to award

enhanced damages in instances of "egregious cases of misconduct beyond typical infringement." 136 S. Ct. 1923, 1932 (2016).

Parity first argues that Moxa Americas' willful infringement can be shown by its failure to take action on the Bridges Letters. Opp'n at 14-16. But, as discussed earlier, the Court does not find the Bridges Letters to be sufficient to notify Moxa Americas of its alleged infringement. <u>See</u> <u>supra</u> Section III.C. As such, the allegations about the Bridges Letters are not sufficient to show knowledge of the Asserted Patents, much less that Moxa Americas engaged in egregious misconduct.

Parity next argues that Moxa Americas' alleged continued infringement of the Asserted Patents following receipt of the original complaint is sufficient for a claim of willful infringement. Opp'n at 16. But, as was noted earlier, courts have been divided on whether service of a complaint can constitute notice of patents sufficient to allege knowing infringement. <u>See</u> <u>supra</u> Section III.C. Since it would have been unclear to Moxa Americas whether service of the complaint was sufficient to constitute knowing infringement, the Court cannot find that the alleged continued infringement after service could constitute "egregious" conduct by Moxa Americas.

Finally, Parity argues that it has made independent allegations of egregious conduct sufficient to sustain a claim for willful infringement and enhanced damages. Opp'n at 17 (citing FAC ¶¶ 54-56). The Court finds these allegations to primarily rely on the Bridges letters described above, and therefore incapable of forming an independent basis for claiming egregious conduct. Finding insufficient allegations for a claim of willful infringement, the Court therefore **STRIKES** paragraphs 52 through 57 of the FAC as well as paragraph C of the prayer for relief.

*F. Leave to Amend*

Plaintiffs seek leave to amend the allegations of its FAC. Opp'n at 19. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see</u>

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court does not find that there was undue delay given that Parity's complaint has only once been amended. The Court is not convinced that the action was filed in bad faith. Finally, the Court is not convinced that any amendment of the FAC would be futile or that Moxa Americas will be unduly prejudiced. Therefore, the Court **GRANTS** Parity 30 days leave to amend their claims. Moreover, as facts not presently available develop during discovery, particularly those related to egregious conduct, the Court is always free to receive motions to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS IN PART AND DENIES IN PART** Moxa Americas' motion to dismiss, and

- **GRANTS** Moxa Americas' motion to strike.

The Court further finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for September 1, 2020 is ordered **VACATED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-698 JVS(KESx) | Date | Sept. 11, 2020 |
| Title | Parity Networks, LLC v. Moxa Inc. et al. | | |

: 0

Initials of Preparer lmb